UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BARQUIS D'MOIN MCKNIGHT,

                       Plaintiff,

v.                                                               Case No. 24-cv-513-pp

DEPARTMENT OF CORRECTIONS,

                       Defendants.

**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Plaintiff Barquis D'Moin McKnight, who is confined at the Gordon Correctional Center and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his federal rights have been violated. The plaintiff has paid the full filing fee. This decision screens his complaint. Dkt. No. 1.

**I.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

1

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The plaintiff alleges on August 15, 2022, while incarcerated at McNaughton Correctional Center, he was working with a log splitter when his finger got caught between a piece of log and the metal plate at the end of the splitter. Dkt. No. 1 at 2. He states that he immediately reported the matter to staff and two hours later he received "professional medical attention[.]" Id. The plaintiff alleges that two days later he received his first set of x-rays and that he subsequently received a second set of x-rays. Id. The x-rays allegedly showed a "tuft fracture to the distal phalanx right index finger." Id. at 2-3.

The plaintiff states that he seeks damages for the deliberate indifference created by McNaughton staff because he had no training on the log splitter. Id. at 3. He also states that he had a "very late" medical response. Id. For relief, the plaintiff seeks $65,000. Id. at 4.

C.    Analysis

The plaintiff has named the Department of Corrections as the only defendant. "[S]tates are not among the 'persons' covered by" 42 U.S.C. §1983. Sebesta v. Davis, 878 F.3d 226, 231 (7th Cir. 2017) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 . . . (1989); Levenstein v. Salafsky, 414 F.3d 767, 772 (7th Cir. 2005)). And the Department of Corrections is an agency of the state of Wisconsin. See, e.g., Miller v. Wisconsin, Dep't of Corr., Case No. 10-CV-383, 2010 WL 3432836, at *1 (E.D. Wis. Aug. 31, 2010). This means that "[n]either the State of Wisconsin nor the State's Department of Corrections is a proper defendant." Andreola v. Wisconsin, 171 F. App'x 514, 515 (7th Cir.

2006). Because it is not a "person" subject to suit under §1983, the plaintiff may not sue the Department of Corrections. Because the complaint does not name a defendant who is subject to suit, the complaint fails to state a claim.

That said, the court makes a few observations about the plaintiff's allegations. "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (internal quote omitted). To establish an Eighth Amendment claim a plaintiff must demonstrate two components; (1) that he was subjected to an objectively serious deprivation and (2) that the defendant was "deliberately indifferent" to the deprivation. Id. at 834. The Eighth Amendment "forbids knowingly compelling an inmate to perform labor that is beyond the inmate's strength, dangerous to his or her life or health, or unduly painful." Smith v. Peters, 631 F.3d 418, 420 (7th Cir. 2011) (quoting Ambrose v. Young, 474 F.3d 1070, 1075 (8th Cir. 2007)). Deliberate indifference means that "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "Deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." Figgs v. Dawson, 829 F.3d 895, 903 (7th Cir. 2016) (citations omitted).

The court will give the plaintiff an opportunity to file an amended complaint regarding his allegations that McNaughton staff should be liable for his injury because he had no training on the log splitter. If he chooses to file an amended complaint, the plaintiff should keep in mind that a constitutional violation requires more than negligence and that to state an Eighth Amendment claim, he must include allegations that individual defendants knew he was at a serious risk of harm and disregarded that risk. The plaintiff must also name the individual defendants whom he alleges violated his constitutional rights. If the plaintiff does not know the names of the individual defendants, he may use "Doe" placeholders to describe them. For example, he may use descriptors like "John Doe, second-shift sergeant on C range, blonde hair and mustache." If the court allows the plaintiff to proceed on the amended complaint, he will have the opportunity to use discovery to help him learn the true name of any Doe defendant.

The complaint also references a potential claim based on a delay in providing medical care to the plaintiff after his injury. The plaintiff has not included enough facts for the court to determine whether he has stated a claim, nor has he identified any individual defendants whom he alleges were responsible for the delay. The plaintiff may include more facts regarding his medical care issue in his amended complaint. If he does, the court will screen the amended complaint to determine whether those allegations state a claim.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b) (E.D.

Wis.). He must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to-explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to the facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

## II. Conclusion

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file

6

an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **June 28, 2024**. If the court receives an amended complaint by the end of the day on June 28, 2024, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint by the end of the day on June 28, 2024, the court will dismiss this case based on the plaintiff's failure to state a claim in the original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. In addition, the parties

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated individuals. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 28th day of May, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**