UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BARQIS D'MOIN MCKNIGHT,

                Plaintiff,

v.                                            Case No. 24-cv-513-pp

SERGEANT KONAIR,

                Defendant.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 5)**

Plaintiff Barquis D'Moin McKnight, who is incarcerated at Gordon Correctional Center and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his rights have been violated. The court screened the original complaint and determined that it did not state a claim. Dkt. No. 4 at 4-5. The court gave the plaintiff an opportunity to file an amended complaint. The plaintiff did so, and this order screens the amended complaint. Dkt. No. 5.

**I.    Screening the Amended Complaint**

    **A.    <u>Federal Screening Standard</u>**

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

1

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

2

Case 2:24-cv-00513-PP   Filed 07/18/24   Page 2 of 6   Document 6

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   Amended Complaint's Allegations

The plaintiff alleges that he was a resident at McNaughton Correctional Center in Rhinelander, Wisconsin, during the events described in the amended complaint. Dkt. No. 5 at 2. He states that he was employed for the "project crew facility job" under defendant Sergeant Konair. Id. On August 15, 2022, the plaintiff allegedly was using a log splitter when his finger got caught between a piece of log and the metal plate at the end of the machine, crushing his finger. Id. The plaintiff alleges that he immediately reported to Konair that his finger might be broken. Id. He states that about two hours later, Nurse Faith arrived and the plaintiff received medical attention. Id. The plaintiff alleges that he subsequently received help at a medical facility where the doctors determined that he had suffered a "distal phalanx fracture with slight distracted fragments[.]" Id. at 3.

The plaintiff states that he "never received confirmation on how/why Sgt. Konair deliberately had him operating this lethal equipment, nor did Konair train Plaintiff or show any safety videos pertaining [to] the log splitter." Id. He alleges that Konair "was not only negligent but ignored the deadly risk surely underlined in the proper safety precautions guideline(s) available for the log splitter that would have insured plaintiff safety." Id. The plaintiff states that Konair held back safety measures and caused this deliberate indifference. Id.

For relief, the plaintiff seeks $65,000. Id. at 3-4.

3

C.  Analysis

"A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (internal quote omitted). To establish an Eighth Amendment claim a plaintiff must demonstrate two components; (1) that he was subjected to an objectively serious deprivation and (2) that the defendant was "deliberately indifferent" to the deprivation. Id. at 834. The Eighth Amendment "forbids knowingly compelling an inmate to perform labor that is beyond the inmate's strength, dangerous to his or her life or health, or unduly painful." Smith v. Peters, 631 F.3d 418, 420 (7th Cir. 2011) (quoting Ambrose v. Young, 474 F.3d 1070, 1075 (8th Cir. 2007)). Deliberate indifference means that "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "Deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." Figgs v. Dawson, 829 F.3d 895, 903 (7th Cir. 2016) (citations omitted).

The court will allow the plaintiff to proceed on an Eighth Amendment claim against defendant Konair in his individual capacity based on allegations that Konair required the plaintiff to operate a log splitter without providing training or safety measures. The plaintiff also may proceed on a negligence

4

claim against Konair; the court will exercise supplemental jurisdiction over that claim that arises under Wisconsin state law. See 28 U.S.C. §1367(a).

**II.  Conclusion**

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the amended complaint (Dkt. No. 5) and this order to the Wisconsin Department of Justice for service on defendant Sergeant Konair. Under the informal service agreement, the court **ORDERS** that defendant to file a responsive pleading to the amended complaint within sixty (60) days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are not incarcerated or who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>517 E. Wisconsin Avenue, Room 362
>Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 18th day of July, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**